**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

EASTON HOLMES, an individual,

     Plaintiff,

v.

GENERAL ATOMICS, a California
Corporation,

     Defendant.

**'26 CV 0794 JES  SBC**

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Master Sergeant Easton Holmes (the "Plaintiff"), by and through undersigned counsel, brings this action against Defendant, General Atomics (the "Defendant"). In support thereof, Plaintiff alleges as follows:

I.     <b><u>JURY DEMAND</u></b>

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

II.     <b><u>JURISDICTION AND VENUE</u></b>

1. The jurisdiction of this Court is founded upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3), because this action arises under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, *et seq*.

2. Venue is proper in the United States District Court for the Southern District of California pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b)(2), as Defendant maintains its principal place of business within this judicial district, and a substantial part of the acts and omissions giving rise to Plaintiff's claims—including the decisions, directives, and policies

1

resulting in the unlawful employment practices alleged herein—were conceived, directed, and executed from this district. Its agent for service of process in California is Amanda Garcia, whose address is 330 N. Brand Blvd., Glendale, California, and service of process may be effected upon said agent.

3.      This civil action is authorized and instituted pursuant to USERRA, 38 U.S.C. § 4301 et seq., to remedy Defendant's unlawful discrimination and failure to accord the rights and benefits guaranteed to Plaintiff as a member of the uniformed services.

### III.    PARTIES

4.      Plaintiff is a Master Sergeant in the United States Air Force and a member of the Air National Guard, currently serving with the 103rd Attack Squadron at Biddle Air National Guard Base in Horsham, Pennsylvania. At all relevant times, Plaintiff has resided at 63 Contact Drive, West Haven, Connecticut 06516.

5.      Defendant General Atomics is, and at all relevant times was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 3550 General Atomics Court, San Diego, California 92121.

6.      At all relevant times, Defendant was an "employer" within the meaning of 38 U.S.C. § 4303(4). Defendant's continuous operations and physical presence in California establish sufficient minimum contacts for this Court's exercise of personal jurisdiction.

### IV.    THE SALIENT FACTS

**A. Plaintiff's Tenure, Exemplary Performance, and Commitment to the Success of Defendant and Accomplishment of its Goals.**

7.      Plaintiff has been employed by Defendant for approximately eight years.

8.      During this period of time, Plaintiff has consistently demonstrated outstanding performance, professionalism, and technical proficiency. In fact, he has successfully completed

2

several advanced qualifications, including Instructor Upgrade, Evaluator Upgrade, Launch and Recovery ("LR") Qualification, and Satellite Launch and Recovery ("SLR") Qualification, reflecting his commitment to professional development and operational excellence beyond the minimum requirements of his position.

9.      Plaintiff's performance and contributions to Defendant have been repeatedly recognized through formal merit increases and annual performance bonuses, reflected in Performance Appraisal Reports ("PARs"), received annually from 2019 through 2022.

10.     The PARs specifically conveyed the following:

      a.  In March 2020, Defendant awarded Plaintiff a merit increase and bonus for the 2019 performance period, with the bonus paid on March 6, 2020 and the pay increase effective April 4, 2020.

      b.  In March 2021, Defendant again awarded Plaintiff a merit increase and bonus for the 2020 performance period, with the bonus paid on March 5, 2021 and the pay increase effective April 3, 2021.

      c.  In March 2022, Plaintiff received an additional performance-based bonus for the 2021 performance period, paid on March 10, 2022, with a corresponding pay increase effective April 2, 2022.

      d.  In March 2023, Defendant issued yet another performance-based Compensation Statement awarding Plaintiff a bonus for the 2022 performance period, paid on March 13, 2023, and a pay increase effective April 1, 2023.

11.     Despite these achievements, Plaintiff was not offered, and does not appear to have been considered for, any advancement or reclassification commensurate with his experience, certifications, and years of service. Rather, Defendant has continuously maintained Plaintiff at a

Level 2 Sensor Operator classification, with an hourly rate currently paying approximately $36, despite his completion of advanced qualifications, extended tenure, and consistent performance record.

**B. Plaintiff's Military Service and Federal Activations.**

12.     In addition to his civilian employment, Plaintiff serves as a Master Sergeant in the United States Air Force and a member of the Air National Guard, currently serving with the 103rd Attack Squadron at Biddle Air National Guard Base in Horsham, Pennsylvania.

13.     As a member of the Air National Guard, Plaintiff is part of the Reserve component of the United States Air Force.

14.     Plaintiff has served under multiple federal activation orders during his tenure with Defendant, each requiring his temporary absence from civilian employment in order to fulfill his statutory duties as a member of the United States Air Force, Air National Guard. Specifically, Plaintiff has been called to Active Federal Service for the following relevant periods:

  a.  April 1, 2023 – August 25, 2023: Plaintiff was activated to federal duty in support of Operation Enduring Locations, assigned to the 111th Fighter Wing located in Willow Grove, Pennsylvania.

  b.  October 9, 2023 – September 30, 2024: Plaintiff was activated to federal duty in support of Operation Enduring Sentinel, assigned to the 111th Fighter Wing located in Willow Grove, Pennsylvania.

  c.  October 9, 2024 – September 30, 2025: Plaintiff's active-duty status was extended in support of Operation Enduring Locations, again requiring his full-time military service and temporary separation from his civilian employment with Defendant.

4

15.     Plaintiff timely provided copies of all orders and related military documentation to Defendant's Human Resources Department and to his management team prior to each activation, in compliance with both company policy and the notice requirements of USERRA, 38 U.S.C. § 4312.

16.     While in military service, Plaintiff continued to log substantial flight hours.

### C. Defendant's Failure to Comply with USERRA's Escalator Principle and Military Leave Pay Requirements.

17.     Despite eight years of continuous service with Defendant and consistently positive performance evaluations, Plaintiff has not been advanced to the position or status that he would have attained but for his military service, as required by the "escalator principle" set forth in 38 U.S.C. § 4313(a)(2)(A).

18.     Specifically, rather than restoring Plaintiff to the seniority, status, and compensation reflecting his continuous career progression, Defendant has maintained him at the same Level 2 Sensor Operator classification he held prior to his activations.

19.     Although Defendant awarded Plaintiff periodic merit-based pay increases between 2019 and 2023, those adjustments were minimal and failed to maintain parity with the compensation levels of other Sensor Operators performing comparable duties. Plaintiff's pay progression has not reflected the normal trajectory of advancement he would have experienced absent his military service, as contemplated by USERRA's "escalator principle." 38 U.S.C. § 4313(a)(2)(A).

20.     By way of example, Defendant has posted an opening for a "Deployable Sensor Operator," classified as mid-level (3–7 years of experience), with a stated salary range of $65,350 to $99,805. Despite possessing eight years of relevant experience—exceeding the stated experience range— Plaintiff earns materially less than the maximum of the posted salary range.

21. Upon information and belief, Plaintiff's current hourly rate remains substantially below that of newly hired Sensor Operators and other employees with markedly less tenure, experience, and technical proficiency—including individuals who have not obtained the advanced qualifications Plaintiff holds.

22. Defendant's failure to provide pay and advancement commensurate with Plaintiff's experience, qualifications, and uninterrupted record of strong performance constitutes a violation of USERRA's requirement that returning service members be restored to the position, status, and compensation they would have attained but for their periods of protected military service.

23. But for his federally mandated absences due to military activation, Plaintiff would have progressed to a higher Sensor Operator classification—specifically Level 4—with corresponding pay and benefits consistent with similarly situated non-servicemember employees. Defendant's refusal to place Plaintiff on that escalated employment track has caused continuing financial and professional harm, contrary to the protections guaranteed under USERRA.

24. Moreover, Defendant maintains a written policy entitled "Military Leave" within its Time Off Work section, expressly providing that employees who take leave for active duty or training in the Armed Forces of the United States—including members of the National Guard and Reserve components—are "eligible to receive pay for up to ten working days per calendar year."

25. Plaintiff fully satisfied all conditions required by the policy. He provided timely advance notice of his activations, furnished copies of his military orders, and returned to work in accordance with the timeframes prescribed by law. Despite his compliance and eligibility, Defendant failed and refused to pay Plaintiff his entitled ten working days (two weeks) of paid military leave for the 2024 and 2025 calendar years.

6

26.     Defendant's refusal to provide paid leave available to other employees under comparable circumstances further evidences discriminatory treatment based on Plaintiff's performance of uniformed service and a disregard for the statutory protections guaranteed to members of the Armed Forces. Such conduct constitutes an additional and independent violation of USERRA and of its own written employment policy.

27.     Defendant's conduct has deprived Plaintiff of significant earnings, advancement opportunities, and employment benefits that he would have attained but for his military service.

28.     Defendant's actions were willful, intentional, and taken with reckless disregard for Plaintiff's federally protected rights.

29.     As a result of Defendant's violations, Plaintiff has suffered lost wages, lost promotional opportunities, denial of earned benefits, and other consequential damages.

30.     Plaintiff seeks to enforce his statutory rights under USERRA to recover unpaid wages and benefits, secure correction of his pay and promotional status, and obtain all equitable and legal relief available under federal law.

### V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Violation of 38 U.S.C. § 4311 – Discrimination Based on Uniformed Service)

31.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32.     At all relevant times, Plaintiff was a member of the United States Air Force, Air National Guard, and was engaged in "service in the uniformed services" within the meaning of 38 U.S.C. § 4303(13).

33.     At all relevant times, Defendant was an "employer" within the meaning of 38 U.S.C. § 4303(4), employing numerous individuals within the United States, including within this judicial district, and subject to the obligations imposed under USERRA.

34.     Section 4311(a) of USERRA prohibits employers from denying employment, reemployment, retention in employment, promotion, or any benefit of employment to any person on the basis of their past, present, or future service in the uniformed services. 38 U.S.C. § 4311(a).

35.     Under § 4311(c)(1), an employer is deemed to have engaged in prohibited action if the employee's membership, service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such service or obligation.

36.     Plaintiff's membership and active participation in the United States Air Force, Air National Guard, including his multiple federal activations in support of Operations Enduring Locations and Enduring Sentinel between 2023 and 2025, constituted "service in the uniformed services" protected under USERRA.

37.     Defendant knowingly employed Plaintiff with full awareness of his ongoing military service obligations and repeatedly received timely notice of each federal activation order in accordance with 38 U.S.C. § 4312(a).

38.     Defendant denied Plaintiff benefits of employment on the basis of his uniformed service by, among other things:

   a. Failing to advance or promote Plaintiff commensurate with his experience, certifications, and eight years of tenure with Defendant, despite Plaintiff's completion of Instructor Upgrade, Evaluator Upgrade, Launch and Recovery Qualification, and Satellite Launch and Recovery Qualification;

   b. Maintaining Plaintiff at a stagnant Level 2 Sensor Operator classification while similarly or less qualified employees who had not served in the uniformed services were advanced to higher classifications;

   c.   Paying Plaintiff at an hourly rate of approximately $36 per hour—substantially below that of newly hired Sensor Operators and other employees with less tenure, experience, and technical proficiency; and

   d.   Failing and refusing to pay Plaintiff the ten working days of paid military leave per calendar year to which he was entitled under Defendant's own written Military Leave policy for the 2024 and 2025 calendar years.

39.   Plaintiff's membership, service, and obligation for service in the uniformed services was a motivating factor in Defendant's denial of promotional opportunities, pay increases, proper classification, and paid military leave benefits.

40.   Defendant's conduct in denying Plaintiff the foregoing benefits of employment was knowing, intentional, and in disregard of its obligations under federal law, thereby constituting a knowing violation of 38 U.S.C. § 4323(d)(1)(D).

41.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial economic loss, including lost wages, lost benefits, and lost promotional opportunities.

## **<u>SECOND CLAIM FOR RELIEF</u>**

(Violation of 38 U.S.C. § 4313 – Failure to Reemploy in Escalator Position)

42.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43.   Section 4312(a) of USERRA provides that any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits of USERRA, provided that the person has given advance notice of such service, the cumulative length of absences does not exceed five years, and the person timely reports to or submits an application for reemployment to such employer upon completion of such service. 38 U.S.C. § 4312(a).

9

44.    Plaintiff satisfied all eligibility requirements for reemployment under Section 4312. Specifically:

    a.    Plaintiff timely provided copies of all military orders and related documentation to Defendant's Human Resources Department and management prior to each activation, in compliance with USERRA's notice requirements;

    b.    Plaintiff's cumulative absences from employment with Defendant due to his service in the uniformed services did not exceed five years; and

    c.    Following each period of military service, Plaintiff timely reported to and/or submitted an application for reemployment with Defendant.

45.    Section 4313(a)(2)(A) of USERRA provides that a person entitled to reemployment under Section 4312, whose period of service was for more than 90 days, shall be promptly reemployed in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform. 38 U.S.C. § 4313(a)(2)(A).

46.    This requirement is known as the "escalator principle." Under the escalator principle, Plaintiff is entitled to reemployment in the position—including the seniority, status, and rate of pay—that he would have attained with reasonable certainty had he remained continuously employed during the period of his military service. *See* 20 C.F.R. § 1002.191.

47.    The escalator principle requires the employer to determine the seniority rights, status, and rate of pay as though the employee had been continuously employed during the period of service. 20 C.F.R. § 1002.193.

48.     Despite eight years of continuous service with Defendant and consistently positive performance evaluations, Defendant has failed and refused to restore Plaintiff to the escalator position required by USERRA.

49.     Specifically, rather than restoring Plaintiff to the seniority, status, and compensation reflecting his continuous career progression, Defendant has maintained him at the same Level 2 Sensor Operator classification he held prior to his activations, notwithstanding that:

   a.   Plaintiff would have, with reasonable certainty, progressed to a Level 4 Sensor Operator classification had he remained continuously employed;

   b.   Plaintiff has obtained advanced qualifications, including Instructor Upgrade, Evaluator Upgrade, Launch and Recovery Qualification, and Satellite Launch and Recovery Qualification;

   c.   Plaintiff has substantial flight hours, obtained through civilian employment and military service, and serves as a Sensor Operator Instructor Evaluator on active duty with Defendant; and

   d.   Plaintiff's pay rate of approximately $36 per hour is substantially below the stated salary range of $65,350 to $99,805 for Defendant's posted "Deployable Sensor Operator" position, classified as mid-level (3-7 years of experience), despite Plaintiff possessing eight years of relevant experience.

50.     Defendant's failure to properly apply the escalator principle and reemploy Plaintiff in the position he would have attained but for his military service constitutes a violation of 38 U.S.C. § 4313.

51.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial economic loss, including lost wages, lost benefits, and lost promotional opportunities.

**THIRD CLAIM FOR RELIEF**

**(Violation of 38 U.S.C. § 4316 – Rights and Benefits During and After Uniformed Service)**

52.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

53.    Section 4316(a) of USERRA provides that a person who is reemployed under USERRA is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services, plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed. 38 U.S.C. § 4316(a).

54.    Defendant has failed to credit Plaintiff with the seniority and seniority-based rights and benefits that Plaintiff would have attained if he had remained continuously employed during his periods of military service.

55.    Section 4316(b)(1) of USERRA provides that a person who is absent from a position of employment by reason of service in the uniformed services shall be:

   a.   Deemed to be on furlough or leave of absence while performing such service; and

   b.   Entitled to such other rights and benefits not determined by seniority as are generally provided by the employer to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service. 38 U.S.C. § 4316(b)(1).

56.    Pursuant to the Department of Labor's implementing regulations, if the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any

12

comparable form of leave when he or she performs service in the uniformed services. 20 C.F.R. § 1002.150(b).

57.     Under 38 U.S.C. § 4303(2), the term "benefit of employment" is defined broadly to include "any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice."

58.     Defendant maintains a written policy entitled "Military Leave" within its Time Off Work section, which expressly provides that employees who take leave for active duty or training in the Armed Forces of the United States—including members of the National Guard and Reserve components—are eligible to receive pay for up to ten working days per calendar year.

59.     Defendant provides paid leave to employees on comparable non-military leaves of absence, including but not limited to jury duty, bereavement leave, and other categories of employer-approved leave.

60.     Plaintiff fully satisfied all conditions required by Defendant's Military Leave policy. He provided timely advance notice of his activations, furnished copies of his military orders, and returned to work in accordance with the timeframes prescribed by law.

61.     Despite Plaintiff's compliance and eligibility, Defendant failed and refused to pay Plaintiff the ten working days (two weeks) of paid military leave to which he was entitled for the 2024 and 2025 calendar years.

62.     Because Defendant provides paid leave to employees on comparable non-military leaves of absence, Defendant's failure to provide paid military leave to Plaintiff constitutes a denial of rights and benefits to which Plaintiff was entitled under Section 4316(b)(1)(B).

63.     Defendant's conduct in denying Plaintiff the rights and benefits guaranteed by Section 4316 was knowing, intentional and undertaken in disregard of its obligations under federal law.

64.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial economic loss, including but not limited to unpaid wages for military leave in 2024 and 2025, lost seniority-based benefits, and denial of the career progression to which he was entitled.

## VI.     DAMAGES

Plaintiff's damages, arising from Defendant's willful and unlawful conduct in violation of USERRA, include: (1) past, present, and future lost wages reflecting the compensation, seniority, and promotional status he would have attained but for Defendant's failure to comply with USERRA's "escalator principle"; (2) past, present, and future loss of fringe benefits, including paid military leave, medical and disability insurance, pension, retirement, vacation, sick leave, life insurance, long-term and short-term disability, and profit-sharing benefits; and (3) the loss of opportunity for continued professional advancement, promotion, and corresponding increases in compensation and benefits consistent with similarly situated non-servicemember employees. Plaintiff further seeks interest on all lost income and benefits, restoration of his proper pay classification, and all equitable relief necessary to fully remedy the continuing effects of Defendant's violations. Because Defendant's actions were willful, intentional, and undertaken in reckless disregard of Plaintiff's federally protected rights, Plaintiff is entitled to an award of liquidated damages, together with attorneys' fees, costs, and all other relief authorized under 38 U.S.C. § 4323.

## VII.     REQUEST FOR RELIEF

Plaintiff, Master Sergeant Easton Holmes, respectfully requests that this Court enter judgment in his favor and against Defendant, General Atomics, and:

1.      Order Defendant to restore Plaintiff to the position, seniority, status, and rate of pay (believed to currently be at or around $56.00 an hour) he would have attained but for Defendant's violations of USERRA, including proper reclassification to the appropriate Sensor Operator level and adjustment of all related compensation and benefits;

2.      Award Plaintiff compensatory damages for all lost past, present, and future wages and employment benefits suffered as a result of Defendant's willful and knowing violations of USERRA, pursuant to 38 U.S.C. § 4323;

3.      Award Plaintiff prejudgment, pursuant to 38 U.S.C. § 4323(d)(1)(C), and postjudgment interest on all amounts found due to ensure full compensation for the loss of use of such funds;

4.      Order Defendant to pay liquidated damages equal to the amount of lost wages and benefits as authorized under 38 U.S.C. § 4323(d)(1)(D), due to Defendant's knowing disregard of Plaintiff's federally protected rights;

5.      Award Plaintiff his reasonable attorneys' fees, costs, and litigation expenses pursuant to 38 U.S.C. § 4323(h); and

6.      Grant such other and further legal and equitable relief as the Court deems just and proper to fully remedy the violations established herein.


DATED: February 6, 2026.                           Respectfully submitted,
                                                   /s/ Arash Aramesh_____
                                                   Arash Aramesh (SBN 354651)
                                                   WHITCOMB, SELINSKY, P.C.
                                                   10940 Wilshire Blvd., Suite 600
                                                   Los Angeles, CA 90024
                                                   Tel: (310) 562-4550
                                                   Fax: (303) 534-1949
                                                   Email: Ari@whitcomblawpc.com


15